UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAMON MARTIN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| vs. | § | CIVIL ACTION NO. 4:13-cv-00127 |
| | § | |
| SETERUS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

Pending before the Court is the defendant's, Seterus, Inc. (the "defendant"), motion for summary judgment and brief in support. (Dkt. No. 27). The plaintiffs, Damon Martin ("D. Martin") and Maria Martin ("M. Martin") (collectively, the "plaintiffs"), filed a response in opposition to the defendant's motion (Dkt. No. 28) and the defendant has filed a reply (Dkt. No. 30). After having considered the motion, the responses, the record, and the applicable law, the Court determines that the defendant's motion for summary judgment should be GRANTED.

**II.  FACTUAL BACKGROUND**

This case concerns the plaintiffs' challenge of the November 6, 2012 foreclosure sale of the property located at 418 Royal Lakes Blvd., Richmond, Texas 77469. On or about October 30, 2007, M. Martin executed a Note payable to Kapt Mortgage in the amount of $401,700.00. (Dkt. No. 27, Ex. A-1). Simultaneously with the execution of the Note, M. Martin and D. Martin executed a Deed of Trust encumbering the real property located at 418 Royal Lakes Blvd., Richmond, Texas 77469 (the "property"). (*Id.* at A-2) The Note and Deed of Trust were subsequently assigned to Federal National Mortgage Association ("Fannie Mae"), with Chase Home Finance, LLC ("Chase") acting as mortgage servicer. (*Id.* at A-4, A-5.).

On or about December 19, 2008, M. Martin and Chase entered into a Loan Modification Agreement due to the plaintiffs' inability to make certain monthly payments when due under the Note as previously agreed. (*Id.* at A-4.). Subsequently, the servicing of M. Martin's mortgage loan was transferred to the defendant. (*Id.* at A-5.). Thereafter, the plaintiffs again fell behind on their mortgage payments, thus defaulting on the Note and Deed of Trust. As a consequence, on June 11, 2012, the defendant sent default notices to the plaintiffs via certified and regular mail to the following addresses: 418 Royal Lakes Blvd., Richmond, Texas 77469; and 1604 1st St., Rosenberg, Texas 77471. (*Id.* at A-11).

The plaintiffs eventually contacted the defendant and sought a loan modification in an attempt to avoid foreclosure of their property, but to no avail. The plaintiffs contend that, during this time, they were advised by the defendant's representatives that: (1) they were not allowed to make any mortgage payments while the loan was in modification review status because the payments would simply be returned to them; (2) they were to ignore any foreclosure notices that they might receive during this time; and (3) the defendant would not take any action to foreclose on their property during this time. (*See* Dkt. No. 8, ¶¶ 7 – 10.) They further contend that they were under the impression that their loan modification was imminent until they were served with eviction papers by the defendant. (*Id.* at ¶ 10.)

Ultimately, the defendant retained a law firm to conduct foreclosure proceedings with respect to the property. On October 9, 2012, the defendant, through the law firm, sent the plaintiffs, at the addresses listed above, a letter notifying them of their default and advising them that the debt had been accelerated and that the property was set to be sold at a foreclosure sale scheduled for November 6, 2012. (Dkt. No. 27, Ex. A-11). On November 6, 2012, the defendant foreclosed on the property. (*Id.* at A-13).

On January 7, 2013, the plaintiffs filed suit in the 268th Judicial District Court of Fort Bend County, Texas to contest the defendant's foreclosure of the property. The defendant timely removed the case to this Court, which has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[1] The defendant now moves for summary judgment on the plaintiffs' breach of contract and fraud claims.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy

---

[1] The Fort Bend Central Appraisal District assesses the value of the subject real property as $432,960.00.

its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## IV.   ANALYSIS AND DISCUSSION[2]

As a threshold matter, the defendant moves for a summary judgment on the plaintiffs' claims asserting that they are barred by the statute of frauds. Specifically, the defendant contends that the oral agreement and/or modification alleged by the plaintiffs is subject to the statute of frauds because Texas law requires such loan agreements to be in writing. It further contends that in the absence of any writing, loan agreements of the type at issue in this case are unenforceable. This Court agrees.

Under Texas law "[a] loan agreement in which the amount involved . . . exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." *See* Tex. Bus. & Comm. Code § 26.02(a)(2) & (b). "When a modification encompasses or relates to a matter that must be in writing, the modification is unenforceable unless it is also in writing." *Deuley v. Chase Home Finance LLC*, No. H-05-04253, 2006 WL 1155230 at *2 (S.D. Tex. April 26, 2006) (citing *Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955)). Accordingly, since the original Note in this case was for $401,700.00, it is subject to the statute of frauds. The parties do not dispute this fact. Likewise, because the plaintiffs' alleged oral modification in this case relates to the original Note and Deed of Trust, it must also be in writing in order to comply with the statute of frauds. Because the plaintiffs' breach of contract claim in this case stems from an alleged oral agreement that was never reduced to writing and the plaintiffs have failed to set forth any evidence that such terms were, in fact, reduced to writing, the plaintiffs have failed to raise a genuine issue of material fact on their breach of contract claim. Therefore, the defendant is entitled to judgment as a matter of law on the plaintiffs' breach of contract claim as it is barred by the statute of frauds.

---

[2] The defendant moves for summary judgment partly based on the plaintiff's deemed admissions. However, this Court determines summary judgment to be appropriate notwithstanding the admissions.

The defendant is also entitled to a summary judgment on the plaintiffs' fraud claim for several reasons. "To prevail on a fraud claim under Texas law a plaintiff must prove that (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; (4) the plaintiff actually and justifiably relied upon the representation; and (5) the plaintiff thereby suffered an injury." *Felder v. Countrywide Home Loans*, No.H-13-0282, 2013 WL 6805843, *19 - 20 (S.D. Tex. Dec. 20, 2013) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life. Ins. Co.*, 51 S.W.2d 573, 577 (Tex. 2001)).

Here, the plaintiffs, in their First Amended Complaint, assert that the defendant made certain false and material representations to them when informing them that: (1) they were not to make any mortgage payments while the loan was being considered for modification; (2) they were to ignore any foreclosure notices sent to them during this time period; and (3) they were under the impression that their loan modification was imminent until they were served with eviction papers. (*See* Dkt. No. 8, ¶15). The plaintiffs also make these same bare assertions in response to the defendant's motion for summary judgment, without tendering even the slightest evidence in support of them. However, "a plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of [his or her] pleadings." *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984). "On the contrary, 'once defendants have made . . . sworn denials, summary judgment is appropriate unless [a] plaintiff can produce *significant evidence* demonstrating the existence of a genuine fact issue." *Id.* (quoting *Parsons v. Ford Motor Co.*, 669 F.2d 308, 313 (5th Cir.), *cert. denied*, 459 U.S. 832, 103 S. Ct. 73, 74 L. Ed.2d 72 (1982)) (emphasis in original).

The record before this Court, nonetheless, discloses that not only does M. Martin concede that she never spoke with any of the defendant's representatives regarding the Note or any related loan modification(s), but also that D. Martin, in the absence of being a named party to the Note, lacked the authority to act on her behalf and/or to enter into any loan modification with the defendant relative to the Note.  (*See* Dkt. No. 27, Ex. C-2; Ex. D. at 12:1–8; *see also* Ex. E.). Morever, even assuming that the defendant's representatives stated that the defendant would not foreclose on the plaintiffs' property while they were being considered for a loan modification, such a representation is not actionable under Texas law because it constitutes a promise to refrain from performing a future action rather than a representation of an existing fact.  *See Thomas v. EMC Mortg. Corp.*, No. 12-10143, 2012 WL 5984943, *3 (5th Cir. Nov. 30, 2012) (reasoning that representations concerning future loan modifications and foreclosure [or forbearance from foreclosure] comprise "promises of future action rather than representations of existing fact" and cannot support a negligent misrepresentation claim).  Furthermore, the plaintiffs have failed to put forth any evidence to create a genuine issue of material fact with respect to their fraud claim. As such, the defendant is entitled to judgment as a matter of law on the plaintiffs' fraud claim.

## V.  CONCLUSION

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is GRANTED.

It is so **ORDERED**.

SIGNED on this 8th day of January, 2014.

_____
Kenneth M. Hoyt
United States District Judge